UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAWN CLARK, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-01889-TWP-MJD |
| KEITH BUTTS, | ) |
| Respondent. | ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

Before the Court is petitioner Shawn Clark's Petition for Writ of Habeas Corpus. Clark challenges a prison disciplinary proceeding identified as No. NCF16-04-0066, in which he was convicted of offense B-212 assault/battery. The respondent moves to dismiss Clark's habeas petition arguing that Clark has waived his right to challenge his disciplinary conviction. Clark has not responded to the motion to dismiss.

**Background**

Clark was charged on April 6, 2016, with violating Code B-212 "assault/battery" for striking another offender in the face with a closed fist. The Reporting Officer informed Clark that he would be receiving a conduct report for B-212 "Assault". During screening, Clark pled guilty and requested no witnesses or evidence. He acknowledged in writing, that he waived several rights by pleading guilty, including the right to a lay advocate. He also acknowledged that he admitted the material allegations in the Conduct Report by pleading guilty. During the disciplinary hearing, Clark again pled guilty. The Hearing Officer noted Clark's statement that "I am guilty, he was

hanging around me I felt threatened." In his appeals, Clark again stated that he struck the other offender because he felt threatened. Clark has never denied hitting the other offender.

## Discussion

Clark asserts in his habeas petition that his due process rights were violated because the evidence was insufficient to support the conviction and because he was denied a sufficient lay advocate. The respondent moves to dismiss arguing that Clark has waived any challenge to his conviction by pleading guilty. Respondent is correct, when Clark pled guilty, he acknowledged that he committed the actions at issue and he expressly waived a right to a lay advocate and certain due process rights.

Even if he had not waived these rights, Clark has not shown that his due process rights were violated. First, in reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

Here, Clark was charged with assault/battery for hitting another inmate. The Conduct Report stated that Clark struck another inmate in the face with his fist and Clark admitted to doing so. Clark argues that this evidence is insufficient because there is no evidence that the other inmate was injured. However, the violation Clark was charged with, B-212, is defined as "[c]omitting a battery/assault upon another person without inflicting bodily injury." Thus, there is no requirement that the battery caused injury. Because Clark admitted to hitting another inmate, the evidence is sufficient to sustain his disciplinary conviction for the offense charged. In addition, the disciplinary board viewed a video of the incident which shows an offender matching Clark's description walk up and punch another offender in the face with a closed fist. (Dkt. 7-4). Clark's finding of guilt was based not only on his plea of guilty, but also staff reports and physical evidence in the video. (Dkt. 7-6). The evidence presented is clearly sufficient to sustain the finding or guilt.

Next, Clark asserts that his was denied a helpful lay advocate. In his petition, Clark states that he has "a mental code level C," and he did not understand his rights or the proceedings where he pled guilty and waived his right to a lay advocate. The issues here are not complex. Despite his level C status, Clark acknowledged that he understood the rights he was waiving by initialing the waiver of rights during screening. Moreover, there is no due process right to a lay advocate and Clark has not shown that he needed one based on his special circumstances. *See Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008)("due process does not require that prisons appoint a lay advocate for a disciplinary hearing unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'").

Finally, Clark argues that his Eighth Amendment rights were violated. Such a claim is not properly part of a habeas action but must be brought instead in a civil rights action. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000).

## Conclusion

By pleading guilty to the acts charged, Clark has waived challenges to his guilty conviction. Even if he has not waived his challenge, he has failed to show that his due process rights were violated. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Clark to the relief he seeks. Accordingly, the respondent's motion to dismiss [dkt 7] is **granted** and Clark's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/8/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHAWN CLARK
974415
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All electronically registered counsel